**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO.** |
| | ) | **3:13-CV-00511** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **KEM-WOVE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMAND** |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Susi Ixtepan ("Ixtepan"), who was adversely affected by such practices. As more fully described below, Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Kem-Wove, Inc. ("Defendant"), discriminated against Ixtepan when it refused to accommodate her religious beliefs, and discharged her because of her religion, Seventh-day Adventist.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Charlotte, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ixtepan filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about January 16, 2012, Defendant engaged in unlawful employment practices at its facility in Charlotte, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). As described more fully below, Defendant discriminated against Ixtepan when it refused to accommodate her religious beliefs, and discharged her because of her religion, Seventh-day Adventist.

8.      Ixtepan has been a member of Seventh-day Adventist Church, a Christian denomination, since 2004. As a Seventh-day Adventist, Ixtepan holds the sincere religious belief that she cannot engage in secular work on her Sabbath, which is from sundown Friday until sundown Saturday, in order to keep the Sabbath holy. This belief held by Ixtepan is consistent with the tenets of the Seventh-day Adventist faith.

9.      On or about June 9, 2011, Ixtepan was hired by Defendant's Plant Manager as a weight cutter. Her job duties primarily consisted of cutting and weighing fabric. At the time Ixtepan was hired, she informed the Plant Manager she could not work Saturdays, and that she was only available to work Monday through Friday.

10.     In or around October 2011, Ixtepan's Team Leader informed employees on Ixtepan's production line that they might be required to work an upcoming Saturday. Ixtepan reminded her Team Leader she could not work on Saturdays because of her religion. Ixtepan was excused from work that Saturday by her Team because of her religion.

11.     On Thursday, January 12, 2012, Ixtepan's Team Leader, at the direction of the Plant Manager, informed employees on Ixtepan's production line that they would have to work the following Saturday, January 14, 2012. Ixtepan again reminded her Team Leader that she could not work on Saturdays because of her religious beliefs, and asked to be removed from the schedule as an accommodation to her religious beliefs.

12.     On Friday, January 13, 2012, the Plant Manager called Ixtepan to his office and asked her to explain her religious practices and beliefs, and why she could not work Saturdays. Ixtepan did so and stated that she could not work during the Sabbath, which included shifts on Saturday prior to sundown. Ixtepan reminded the Plant Manager that she disclosed her religious

3

beliefs and observance of the Sabbath to him when she was hired. The Plant Manager told Ixtepan if she refused to work on Saturday, January 14, 2012, he would have to let her go.

13.     Ixtepan did not work on Saturday, January 14, 2013.

14.     On Monday, January 16, 2012, Ixtepan went to the facility to meet with the Plant Manager to discuss whether she could return to work.  The Plant Manager confirmed to Ixtepan that she was fired because she could not work on Saturdays. Defendant thereby refused to accommodate Ixtepan's sincerely held religious beliefs, and discharged her because of her religion.

15.     The effect of the practices complained of above has been to deprive Ixtepan of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

16.     The unlawful employment practices complained of above were intentional.

17.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ixtepan.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against current or future employees based on their religious beliefs and/or need for religious accommodation.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy

4

prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Ixtepan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.      Order Defendant to make Ixtepan whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

E.      Order Defendant to pay Ixtepan punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 12th day of September, 2013.

                             Respectfully submitted,

                             EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION

                             P. DAVID LOPEZ
                             General Counsel

                             JAMES L. LEE
                             Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NW
Washington, D.C. 20507

s/Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar No. 1732)
Regional Attorney

s/ Randall D. Huggins_____
RANDALL D. HUGGINS
Senior Trial Attorney (OK Bar No. 17875)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6470
Facsimile: 704.954.6412
Email: randll.huggins@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**