IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13CV511 |
| v. | ) ) | CONSENT DECREE |
| KEM-WOVE, INC., | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Kem-Wove, Inc. (the "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), by discriminating against Susi Ixtepan when it refused to accommodate her religious beliefs, and discharged her because of her religion, Seventh-day Adventist. The Defendant denied all substantive allegations in the Commission's Complaint. The Commission does not disavow the allegations in the Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any employee on the basis of religion by refusing to provide a reasonable accommodation for the person's sincerely held religious beliefs and/or discharging the employee because of sincerely held religious beliefs.

2. Defendant shall pay Susi Ixtepan the sum of Twenty-one Thousand Dollars ($21,000) in compensatory damages in settlement of the claims raised in this action. Defendant shall make payment by issuing two successive checks payable to Susi Ixtepan. The first payment of $10,500 shall be sent within fifteen (15) days after the Court approves this Consent Decree, and a second payment of $10,500 shall be sent thirty-six (36) days after the Court approves this Consent Decree. Defendant shall mail both checks to Susi Ixtepan at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Susi Ixtepan.

3. Neither the Commission nor Defendant make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Susi Ixtepan, may or may not incur under local, state and/or federal law on the payments identified in paragraph two (2) above.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Susi Ixtepan any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2012-23663 and the related events that occurred thereafter, including this

litigation. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.   Defendant will provide a Letter of Reference to Susi Ixtepan in the form appended hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the respective original signed letter of reference shall be provided to Ms. Ixtepan at an address provided by the Commission.  Consistent with Defendant's current practice, if Defendant receives a call from a potential employer, Defendant will respond that the company can neither confirm or deny Ms. Ixtepan's employment.  Defendant will further inform the caller that its response is consistent with Defendant's company policy.  Ms. Ixtepan is free to disseminate her letter to potential employers.

6.    Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a written anti-discrimination policy, which shall include, at minimum the following:  an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on religion and its requirement that employers provide reasonable religious accommodations to employees; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.  Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period.  Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and shall require each new employee to sign an acknowledgement of receive the same.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in each of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors. Each training program shall include at a minimum: (a) an explanation of the requirements of Title VII, and its prohibition against religious discrimination in the workplace; (b) an explanation of reasonable accommodation of religious beliefs under Title VII, including what constitutes a reasonable accommodation; (c) what actions managers and supervisors must take in response to a request for a religious accommodation; and (d) an explanation of Defendant's policy referenced in paragraph seven (7) above and the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of the Commission's receipt of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and

continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its Charlotte, North Carolina facility.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

       10.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  The reports will include the following information:

        A.    the identity of each applicant and each employee who requested an accommodation of a religious belief, including each person's name, last known address and telephone number, social security number, and job title or job sought;

        B.    for each individual identified in response to 10.A., a detailed description of the accommodation request, what action, if any, Defendant took in response to the request, what if any accommodation was provided, and if the request was denied, a detailed explanation as to why Defendant did not provide a religious accommodation;

        C.    for each individual identified in response to 10.A. above, state whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since the accommodation request, and provide a detailed explanation of the reason(s) for the change in employment status.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

       11.     Defendant agrees that the Commission may review compliance with this Decree. As part of such review, the Commission may, upon forty-eight (48) hours notice to the Defendant, inspect the premises, interview employees, and examine and copy documents.

Notice shall be directed via email to Steven Sklow at an email address to be provided to the EEOC. As part of a review for compliance with the posting provisions contained in paragraphs 7 and 9 above, the Commission may inspect Defendant's facility without notice. With respect to paragraphs 7 and 9, the EEOC agrees to arrive at the Kem-Wov plant's reception area, ask for a manager, and provide identifying credentials. Kem-Wov will then escort the EEOC to and from the postings only. The EEOC agrees that it will follow all safety rules and direction while on Kem-Wov's premises.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

*Graham C. Mullen*
Graham C. Mullen
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Lynette A. Barnes<br>North Carolina Bar No. 19732<br>Kara Gibbon Haden<br>North Carolina Bar No. 26192<br>Equal Employment Opportunity Commission<br>Charlotte District Office<br>129 West Trade Street<br>Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6469<br>Facsimile: (704) 954-6412<br><br><br>By: _s/ Suzanne L. Nyfeler_<br>Suzanne L. Nyfeler<br>Virginia Bar No. 40450<br>Equal Employment Opportunity Commission<br>Richmond Local Office<br>400 North 8th Street, Suite 350<br>Richmond, Virginia 23219<br>Telephone: (804) 771-2215<br>Fascimile: (804) 771-2222<br>E-mail: snyfeler@eeoc.gov | KEM-WOVE, INC.<br><br>By: _s/ Christopher J. DeGroff_<br>Frederick T. Smith<br>North Carolina Bar No. 45229<br>Erin McPhail Wetty* (*pro hac vice* motion pending)<br>Georgia Bar No. 165259<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street, N.E.<br>Suite 2500<br>Atlanta, Georgia 30309-3962<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br>E-mail: fsmith@seyfarth.com<br>Email: ewetty@seyfarth.com<br>Christopher J. DeGroff* (*pro hac vice* motion pending)<br>Illinois Bar No. 6244447<br>SEYFARTH SHAW LLP<br>131 S. Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br>E-mail: cdegroff@seyfarth.com |

EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

      We are pleased to provide the following reference on behalf of our former employee, Susi Ixtepan.

      Ms. Ixtepan was employed by Kem-Wove, Inc, as a production worker from June 2011 through January 2012. Her salary was $\_\_\_\_\_ per hour. On a daily basis, Ms. Ixtepan diligently and consistently performed her work duties. Ms. Ixtepan's work quality was high and she was able to consistently perform in a high-stress, time-sensitive work environment.

      We hope that this information about Ms. Ixtepan is helpful to you in considering her for employment and wish her all the best in her future endeavors.

      Sincerely,


      Company Representative
      Kem-Wove, Inc.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13CV511 |
| v. | ) ) | **EMPLOYEE NOTICE** |
| **KEM-WOVE, INC.,** | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC) and Kem-Wove, Inc. ("Kem-Wove") in a case alleging discrimination based on religion. Specifically, the EEOC alleged that Kem-Wove discriminated against former employee Susi Ixtepan by failing to accommodate her religious beliefs and discharging her because of her religion.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Kem-Wove will comply with such federal laws in all respects. Furthermore, Kem-Wove will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: _____